```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

VICTOR PARSONS, *et al.*,           )
                                    )
        Plaintiffs                  )
                                    )        No. 3:13-mc-0086
v.                                  )        Judge Haynes/Bryant
                                    )
CHARLES RYAN and RICHARD PRATT,     )        No. CV1200601
                                    )        Pending in U.S. District
        Defendants                  )        Court for Arizona

## MEMORANDUM AND ORDER

Nonparty Corizon, Inc. ("Corizon") has filed its motion to quash two subpoenas for Rule 30(b)(6) depositions served by Plaintiffs in this action pending in the United States District Court for Arizona (Docket Entry No. 1).

Plaintiffs have filed their response in opposition (Docket Entry No. 7). The Chief Judge has referred Corizon's motion to the undersigned Magistrate Judge for disposition (Docket Entry No. 5).

For the reasons stated below, the undersigned **DENIES** Corizon's motion to quash subpoenas.

## STATEMENT OF THE CASE

Plaintiffs, prisoners confined in the custody of the Arizona Department of Corrections, have filed this civil action on behalf of themselves and others similarly situated alleging that Defendants have violated their constitutional rights by willful indifference to Plaintiffs' medical, mental health and dental care. Defendants Ryan and Pratt are sued in their official capacities as directors of the Arizona Department of Corrections (Docket Entry No. 1-1).

According to the parties' motion papers, nonparty Corizon began providing health care and mental health services to the Arizona Department of Corrections pursuant to contract in March 2013 (Docket Entry No. 4 at 1).

**CORIZON'S MOTION TO QUASH**

Corizon has filed its motion to quash two subpoenas served on Corizon on September 12, 2013, requiring Rule 30(b)(6) depositions of Corizon witnesses on September 19 and 20, 2013. These subpoenas require Corizon to designate witnesses to testify regarding multiple topics related to Corizon's provision of medical care, mental health care and dental care to Arizona state prisoners pursuant to Corizon's contract with the Arizona Department of Corrections (Docket Entry No. 3-1).

Corizon has filed its motion to quash pursuant to Rule 45(c)(3)(A) on four grounds. First, Corizon argues that Plaintiffs are not entitled to issue two separate Rule 30(b)(6) subpoenas as an improper attempt to avoid the limitations of one deposition per deponent limited to one day of seven hours in Rule 30(a)(2)(A)(ii) and (b)(1). Second, Corizon asserts that the subpoenas should be quashed because they fail to allow Corizon sufficient time to comply. Third, Corizon maintains that the extremely broad matters for examination stated in these subpoenas impose an undue burden on Corizon and seek information concerning policies of the Arizona Department of Corrections that are already publicly available online. Finally, Corizon argues that these subpoenas should be quashed because the proposed matters of examination will require

2

disclosure of privileged or other confidential matters (Docket Entry No. 2).

In their response, Plaintiffs state that, since Corizon's motion to quash was filed, counsel for Plaintiffs and Corizon have continued discussions in an attempt to accommodate the concerns of Corizon and its prospective witnesses. Specifically, Plaintiffs say that they have further revised, narrowed, and clarified the examination topics in order to permit Corizon reasonably to prepare witnesses to respond to questions that Plaintiffs' counsel intends to ask. In addition, Plaintiffs state that they have moved for and obtained an order from the Arizona District Court extending the time within which these depositions may be completed to and including October 4, 2013.

As additional response to Corizon's motion, Plaintiffs argue (1) that the rules do not prohibit issuing two Rule 30(b)(6) subpoenas; (2) that the extension of time through October 4, 2013, does allow Corizon a reasonable time to comply; (3) that the topics for examination, as revised and narrowed, do not impose an unreasonable burden on Corizon, and (4) that there is no risk of improper disclosure of confidential information because a suitable protective order has been entered in the underlying case.

Corizon fails to cite any authority explicitly prohibiting the service of more than one Rule 30(b)(6) subpoenas on an entity, and the undersigned Magistrate Judge is unaware of such authority. Moreover, it appears that the one-day-of-seven-hours limitation contained in Rule 30(b)(1) does not apply in the aggregate to all witnesses designated in response to a Rule

3

30(b)(6) deposition notice. The advisory committee note to the 2000 amendment to Rule 30(b) states: "For purposes of this durational limit, the deposition of each person designated under Rule 30(b)(6) should be considered as a separate deposition." For these reasons, the undersigned Magistrate Judge is not persuaded that these subpoenas should be quashed merely because Plaintiffs served two subpoenas instead of one.

With respect to the sufficiency of time within which Corizon must comply, the undersigned Magistrate Judge finds that, given the breadth of examination topics contained in the subpoenas as originally served, the five business days between September 12 and September 19 would not have been a reasonable time period for Corizon to comply. However, in light of the extension of time that Plaintiffs have obtained, and considering that the topics for examination have been revised and narrowed, the undersigned Magistrate Judge finds that the period through and including October 4, 2013, should allow a reasonable time for Corizon to comply with these subpoenas.

Similarly, although the examination topics included in these two subpoenas as served were extremely broad and nonspecific, it appears that this shortcoming has been substantially remedied by Plaintiffs' subsequent revisions of the proposed topics for examination. The undersigned Magistrate Judge finds that these depositions may proceed subject to the revised topics listed in Plaintiffs' memorandum in opposition (Docket Entry No. 7 at 11-13).

Finally, the undersigned Magistrate Judge finds that the Amended Protective Order entered in the underlying case (Docket

4

Entry No. 7-1 at 98-107) affords reasonable protection to confidential information provided in discovery both by parties and by nonparties, and that Plaintiffs' Rule 30(b)(6) deposition subpoenas should not be quashed on the ground that Corizon's compliance may require disclosures of privileged or other protective matters.

For the reasons stated above, the undersigned Magistrate Judge **DENIES** Corizon's motion to quash and orders that the Rule 30(b)(6) examination of Corizon may proceed within the extended deadline of October 4, 2013, and subject to the examination topics as revised and narrowed by Plaintiffs. Counsel shall confer and schedule these depositions for dates that will minimize inconvenience for all persons concerned.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge